RICHARD H. GRETEN, AGENT FOR SISCO DAIRY CO., INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. PASSAIC-BERGEN BOTTLE CO., DEFENDANT-RESPONDENT.

Submitted May 31, 1940—Decided October 10, 1940.

For the plaintiff-appellant, *Melosh, Morten & Melosh* (*Louis G. Morten,* of counsel).

For the defendant-respondent, *Winne & Banta* (*John A. Christie,* of counsel).

The opinion of the court was delivered by

PORTER, J. This suit is in replevin to recover possession of certain milk bottles and boxes. The writ was sued out in the District Court of the First Judicial District of Bergen county. Upon motion of respondent the court struck the state of demand. An appeal from that determination to the Supreme Court resulted in an affirmance from which comes this appeal.

It appears that the milk bottles and boxes in question were the property of Sisco Dairy Co. and were used by it in its business in the sale and delivery of milk. The respondent was engaged in the gathering up from the public generally of milk bottles wherever found for the purpose of washing, crating, delivering to and exchanging with the owners thereof. It was under agreement to render this service to Sisco Dairy Co. for an agreed sum per bottle and box as compensation. On January 5th, 1938, Sisco Dairy Co. notified it in writing that it would not accept any more bottles from it but advised it to turn over any it had or may later acquire to the Milk Bottlers Association.

It further appears that in accordance with this instruction, respondent did not return any more of the bottles to the Sisco Dairy Co. but held them in its possession for the Milk Bottlers Association. This association did not at any time offer to secure the bottles and boxes by the payment of the compensation for services agreed to be paid by the Sisco Dairy Co.

On July 20th, 1938, the writ of replevin was issued out of the District Court and a state of demand was filed with the writ. This action was not brought by the Sisco Dairy Co. but by appellant as "agent for Sisco Dairy Co." Neither the writ nor the state of demand alleged that the right of possession was in the appellant but states that the goods are the property of Sisco Dairy Co. to whom delivery was refused by respondent although appellant had made demand for the same.

The appellant clearly showed no interest in the goods nor any right to possession to them.

In this situation we think that the action of the trial court in quashing the writ and dismissing the state of demand was proper and consequently rightly affirmed by the Supreme Court. A motion was made for permission to amend the writ and state of demand which was denied. We think under the facts and circumstances rightly so. In any event it was a matter in the sound discretion of the trial court and we find no abuse of that discretion. *King* v. *Steglitz,* 111 *N. J. L.* 11.

The suit was that of appellant individually, notwithstanding the use of the words "Agent for Sisco Dairy Co." They were superfluous being descriptive only.

The rule is stated in 3 *Corp. Jur. Secundum* 233 as follows:

"An individual styling himself as agent cannot institute a suit on behalf of his employer without reference to, or exhibition of, some authority for his action. Ordinarily a person who is an attorney in fact or an agent authorized to sue on behalf of his principal, but who is without personal interest in the litigation, may sue only in the name of the principal and not in his own name."

It appears that appellant was in fact the agent for Sisco Dairy Co. and empowered as such to take possession of any of its bottles found in the possession of anyone. Even so

such authority is not sufficient to enable him to institute a suit in his own name for possession of property of his principal as in the instant case. *Cf. Chambers* v. *Hunt,* 118 *N. J. L.* 339 (at *p.* 343).

Moreover possession had rightly been acquired by respondent under the authority of Sisco Dairy Co. for whom it acted in collecting and servicing these bottles and boxes. It does not appear that notice of the revocation of that right was ever given respondent. Nor was it advised that appellant had been made agent of Sisco Dairy Co. with power to obtain possession of its bottles and boxes. The respondent not only had possession rightly acquired but also claimed to be entitled to compensation for services rendered in servicing the bottles, &c. Its right to possession was superior certainly to that of the appellant and probably so as to the Sisco Dairy Co. without proper demand having been made by it. *Cf. Veader* v. *Veader,* 87 *N. J. L.* 140; *Crown Co.* v. *Reilly,* 88 *Id.* 590; *Voorhees* v. *Thomas,* 107 *Id.* 134; *North Co.* v. *McClelland,* 116 *Id.* 145.

We are not in accord with the contention of the respondent that the District Court did not have jurisdiction because neither the state of demand nor the writ of replevin disclosed where the goods subject to the action were located. The court below affirmed partly on that theory following the Supreme Court case of *Resnick* v. *Jefferson Holding and Building Co.,* 14 *N. J. Mis. R.* 875. We doubt the soundness of that decision. In any event in the case at bar while it is true that neither the writ nor the state of demand specifically stated the location of the goods it was sufficient to lay the venue generally in the county where they actually were. The writ in this case read—"Bergen County—ss: The State of New Jersey to any Constable," &c., and the summons is to appear before one of the District Courts of the county of Bergen. Replevin is of course a local action, but there is no more need for specifying the venue in a District Court writ or state of demand than there is in such an action where it is begun in a Circuit Court for the county or the Court of Common Pleas. The practice in replevin actions in those courts seems to have been followed in the case at bar with respect to venue.

The rule is different in the Supreme Court. There in a replevin action the venue must be laid in the county where the detained goods are located because the jurisdiction is statewide and as stated replevin is a local action. *Metropolitan Credit Corp.* v. *Anderson,* 118 *Atl. Rep.* 581.

The judgment under review is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 12.

*For reversal*—None.